**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BONNIE J. MACGREGOR, | DOCKET NUMBER |
| Appellant, | PH-0845-15-0340-I-2 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: July 27, 2016 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Bonnie J. MacGregor, Eastport, Maine, pro se.

Roxann Johnson, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which vacated the final decision of the Office of Personnel Management (OPM) and remanded to OPM for issuance of a new final decision addressing the appellant's arguments regarding the calculation of her annuity. Generally, we grant petitions

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision.

¶2        In 2012, OPM granted the appellant's request for a disability retirement annuity and began paying interim payments. Initial Appeal File (IAF), Tab 4. When OPM finalized its calculation of the appellant's disability annuity, it issued a reconsideration decision finding that she had been overpaid $19,977.00. *Id*.

¶3        The appellant appealed the reconsideration decision. IAF, Tab 1. In an initial decision, the administrative judge noted that during adjudication, most of the appellant's claims regarding the overpayment amount related to her assertion that the disability annuity had been improperly calculated. Refiled Appeal File,[2] Tab 12, Refiled Initial Decision. He also noted that the appellant asserted that her annuity had been improperly calculated in her request for reconsideration decision to OPM. *Id.* The administrative judge found that the calculation of the appellant's annuity was material to the amount of her overpayment, and OPM failed to address the issue in its reconsideration decision. *Id.* Thus, the administrative judge remanded the appeal to OPM for issuance of a

---

[2] The administrative judge dismissed the appellant's initial appeal without prejudice to allow her to gather information to challenge OPM's calculation of her annuity. The appeal was timely refiled.

reconsideration decision that addressed all of the appellant's arguments regarding the calculation of her annuity. *Id.*

¶4    In her petition for review, the appellant challenges the initial decision and asks the Board to adjudicate her overpayment and to waive the overpayment because OPM's refusal to answer her questions about the calculation of her annuity have caused her so much stress. Petition for Review (PFR) File, Tab 1. OPM filed a response to the appellant's petition. PFR File, Tab 4.

¶5    It is well settled that the Board only has jurisdiction over retirement issues that have been the subject of an OPM reconsideration decision. *Litzenberger v. Office of Personnel Management*, 88 M.S.P.R. 419, ¶ 9 (2001); *Lewis v. Office of Personnel Management*, 69 M.S.P.R. 395, 397–98 (1996). Here, as the administrative judge correctly found, OPM, in its reconsideration decision, did not address the material question in this overpayment appeal that the appellant raised in her request for reconsideration, namely, the proper calculation of her annuity. Thus, he properly remanded the case to OPM for issuance of a new reconsideration decision because OPM previously had not addressed all issues necessary for adjudication of the appeal. *Litzenberger*, 88 M.S.P.R. 419, ¶¶ 9-10. Consequently, the Board cannot adjudicate the appellant's claims challenging the overpayment until OPM issues a reconsideration decision addressing all of the issues raised by the appellant in her request for reconsideration.

## ORDER

We remand this case to OPM to issue a new reconsideration decision within 120 days of the date of this Order that includes findings on the appellant's arguments regarding the calculation of her annuity, as well as findings regarding the overpayment. The reconsideration decision shall be subject to the appellant's further right to appeal to the Board if she disagrees with it. *See, e.g.*, *Litzenberger*, 88 M.S.P.R. at 424; *Walsh v. Office of Personnel Management,* 77 M.S.P.R. 494, 501 (1998).

We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

FOR THE BOARD:  _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.